**VIA ECF**
Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Common Cause v. Department of Homeland Security*, No. 1:26-cv-08882

Dear Judge Rochon:

Pursuant to the Court's Individual Rule of Practice 2.E., Plaintiffs respectfully submit this letter motion to compel discovery. Plaintiffs are simultaneously filing a consent motion proposing a briefing schedule for this motion and the motion for a preliminary injunction.

On October 14, the Court authorized Plaintiffs to take limited discovery relevant to their forthcoming motion for a preliminary injunction. Dkt. 53. Plaintiffs thereafter served 13 interrogatories, Ex. A, and 11 requests for admission, Ex. B. After obtaining a one-day extension to their original deadline, Defendants served responses on the evening of October 20, Exs. C, D. In response to Plaintiffs' 24 discovery requests, Defendants provided only three new pieces of information: that EOP staff "compiled certain of the Challenged Advertisements," that EOP staff "compiled certain of the Online Advertisements," and that DHS has paid approximately $8.6 million to purchase airtime under the purchase order with LMD. Ex. C at 6–7 (Nos. 3–6); Ex. D at 9 (No. 9).[1] Defendants otherwise asserted an array of boilerplate privileges and baseless objections to scope to resist providing responsive information.

Counsel conferred by phone about Defendants' responses on the morning of October 21. Following that conferral, Defendants provided an amended response to Interrogatory No. 1. Ex. E. Defendants' counsel has otherwise indicated that Defendants will not provide further information in response to Plaintiffs' requests absent a court order.

Although every one of Defendants' responses to Plaintiffs' discovery requests is inadequate, Plaintiffs presently seek judicial relief with respect only to Interrogatory Nos. 1 and 9 to 12. Those requests all seek information about (i) who created and disseminated

---

[1] Plaintiffs' discovery defined "Challenged Advertisements" to include all ads in Defendants' control "featuring President Trump" that have been "created or disseminated in advance of" the midterm elections. Ex. A at 3. Plaintiffs defined "Online Advertisements" as the subset of Challenged Advertisements "that have been posted online by Defendants." *Id.*

the Challenged Advertisements; or (ii) how creation and dissemination of those advertisements was funded.

***Interrogatory No. 1***: This request seeks all sources of funding used to create the ads and instructs Defendants that if "different funding sources were used for different advertisements," the response should "specify the funding source *for each advertisement*." (Emphasis added.) Defendants' amended response acknowledges that EOP staff "compiled certain of the Challenged Advertisements," but does not specify which ones. It is therefore inadequate. And the specific information sought is highly relevant: several Challenged Advertisements remain on the White House's YouTube page and two—"Every Democrat Voted Against No Tax on Tips" and "President Trump's Second Term: Stephen Miller"—began airing on television earlier this week, listing MAGA Inc. as the funder. Plaintiffs request that the Court order Defendants to disclose, ad-by-ad, which ads were "compiled" by EOP staff or otherwise created using appropriated funds.[2]

***Interrogatory No. 9***: This request seeks expenditure details, and specifies that the response should include "any staff time spent on producing or disseminating" the ads. As noted, Defendants admit that EOP staff "compiled" certain ads, yet they refuse to quantify the staff time expended, and instead refer Plaintiffs to declarations that shed no light on that issue. Defendants more generally fail to state either way whether any funding beyond airtime costs was appropriated to, obligated to, or spent by EOP or OMB on the ads. Plaintiffs request that the Court order Defendants to answer this request with numerical specifics.

***Interrogatory Nos. 10 & 11***: These requests seek information about content derived from the Challenged Advertisements that continues to be disseminated. Defendants outright refuse to respond to either. These requests are relevant to determine whether Defendants are continuing to distribute ads—some of which Defendants admit were compiled by EOP staff—through other channels. As to Defendants' overbreadth objection, that Plaintiffs seek information about content appearing "anywhere on the Internet," the requests should be construed consistent with Plaintiffs' definitions to reach only content that Defendants control, have disseminated, or have provided to third parties. Plaintiffs request that the Court order Defendants to respond to these interrogatories.

---

[2] Eleven ads have been publicly identified to date: "The Country He Loves," "Maduro," "Final Battle," "Celebrating the Enduring Spirit," "To the Great Proud People of Iran," "UFC 250," "King of the Jungle," "Resilience," "God Made Trump," "President Trump's Second Term: Stephen Miller," and "Every Democrat Voted Against No Tax on Tips." And reporting suggests the government has created at least two more ads. *See* Betsy Klein, *'God Made Trump' Ad and at Least 12 Others Are Part of Controversial Taxpayer-Funded Ad Campaign*, CNN (Oct. 2, 2026), https://www.cnn.com/2026/10/02/politics/trump-taxpayer-funded-ads.

***Interrogatory No. 12***: This request seeks information about communications between Defendants and MAGA Inc. Defendants again outright refuse to respond. But the President has said that MAGA Inc. will pay for some or all of the Challenged Advertisements to air. MAGA Inc. appears to have aired at least two of the Challenged Advertisements. And Defendants admit that "certain" of those advertisements were compiled by EOP staff, who are paid with appropriated funds. This request accordingly is relevant and proper because it seeks to clarify an arrangement under which taxpayers appear to be footing the bill to produce ads that a super PAC is running. Plaintiffs request that the Court order a response.

By refusing to answer some of Plaintiffs' interrogatories outright, and by seeking to limit the scope of the rest through boilerplate objections, Defendants have taken on a heavy burden. "A party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128–29 (S.D.N.Y. 2012) (citation omitted).

Defendants have not met that burden with respect to the above interrogatories. Plaintiffs thus respectfully request that the Court grant Plaintiffs' motion and order Defendants to provide adequate responses to Interrogatory Nos. 1 and 9 to 12, as detailed above.

October 21, 2026

Respectfully submitted,

*/s/ Samuel T. Ward-Packard*

Samuel T. Ward-Packard
Brendan Ballou*
Public Integrity Project Action, Inc.
1763 Columbia Rd. NW, Suite 175
Washington, DC 20009
(917) 684-3900
sam@publicintegrityproject.org

Bradley Girard
Sean Ouellette
Michael J. Gaffney
Anashua Dutta
Paul R.Q. Wolfson
Robin F. Thurston
Democracy Forward
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

Bruce V. Spiva*
Tara Malloy*
Brent Ferguson
Sejal Jhaveri
Renata O'Donnell
Katherine Hamilton
Campaign Legal Center Action
1333 New Hampshire Ave. NW
Washington, DC 20036
(202) 736-2200

*Pro Hac Vice Application Forthcoming