# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMON CAUSE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY *et al.*,<br><br>Defendants. | 26 Civ. 8882 (JLR) |

**DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants (the "Government"), by their attorney, James M. McDonald, United States Attorney for the Southern District of New York, hereby respond and object to Plaintiffs' Interrogatories, dated October 14, 2026 (the "Requests"), as follows:

**RESERVATION OF RIGHTS AND GENERAL OBJECTIONS**

A. The Government objects to the Requests to the extent they are premature, seek information not relevant to Plaintiffs' anticipated motion for a preliminary injunction, and/or seek information not yet gathered through discovery and not available to the Government upon reasonable inquiry.

B. The Government objects to the Requests to the extent that the information already in the Government's possession or that can be readily obtained by the Government is insufficient to respond to the Requests.

C. The Government objects to the Requests to the extent they purport to require the disclosure of information beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and other applicable law.

D. The Government objects to the Requests to the extent they seek information protected from discovery under the deliberative process privilege, the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, statute, regulation, or rule.

E. The responses herein do not constitute a waiver of any applicable privilege. To the extent any privileged information is produced inadvertently, the Government reserves the right to claw back all such information.

F. The Government objects to the Requests to the extent they seek information not relevant to the subject matter of this action or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

G. The Government objects to the Requests to the extent they are unduly burdensome or require unreasonable investigation on the Government's part.

H. The Government objects to the Requests to the extent they seek the disclosure of information that is outside the Government's custody and control.

I. The Government objects to the Requests to the extent they seek the disclosure of information already in the possession of Plaintiffs, readily obtainable in the public domain, or equally accessible to Plaintiffs, their agents, or their counsel.

J. The Government objects to the Requests to the extent they seek information outside the scope of the limited expedited discovery authorized by the Court on October 12, 2026.

K. The Government objects to the definition of "Create" as it is ambiguous and overbroad. The definition includes within its overbreadth issues that are not relevant to Plaintiffs' Complaint and this litigation.

L. The Government objects to the definition of "Identify" with respect to persons because it is inconsistent with Local Civil Rule 26.3(c)(3). The Government will follow the Local Rule.

M. The Government objects to the definition of "identify" with respect to entities because it is overbroad.

N. The Government objects to the definition of "DHS" as it is ambiguous and overbroad to the extent it refers to the entire Department of Homeland Security and all of its component agencies. The Government will construe this term not to include or refer to its component agencies.

O. The Government objects to the definition of "used" to the extent that it suggests that "any use of funds, including staff time, overhead costs, incidental costs, or any other expenditure of resources" constitutes the actual use of appropriated funds under the proper legal definition. The use of appropriated funds is properly understood to refer only to the expenditure of appropriated funds for a particular purpose.

P. The Government objects to the definition of "Challenged Advertisements" as it is ambiguous and overbroad. The definition includes within its overbreadth videos created or disseminated that depict the President of the United States regardless of what is depicted, who paid for it, or how it was aired or put onto social media.

Q. The Government objects to the definition of “Online Advertisements” as it is overbroad. It includes ads “that have been posted online” which is not an action that is at issue in Plaintiffs’ Complaint.

R. The Government objects to the definition of “Disseminate” as it is ambiguous and overbroad. For example, the definition of “Disseminate” means “any method of distributing to the public, including . . . promoting,” but there is no definition of promoting. Further, the Government objects because the definition of “Disseminate” is overbroad in that it includes methods of distribution that are not at issue in Plaintiffs’ Complaint.

S. The Government objects to Instruction Number 3 relating to privilege objections because it is inconsistent with Local Civil Rule 26.2. The Government will follow the Local Rule.

T. The Requests are being answered subject to the limitation that the Government’s investigation and discovery in this case are ongoing. The Government expressly reserves its rights to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following responses to the Requests, the Government does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Furthermore, the Government is providing the responses herein without in any manner implying or admitting that any of the Requests, or any of the responses thereto, is relevant or material to the subject matter of this action.

U. The foregoing general objections shall be deemed to continue throughout the responses to the specific Requests that follow, even if not further referred to in such responses.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:** Identify all sources of funding used to create the Challenged Advertisements. If public funds were used, identify the specific appropriation that provided the funding, including the agency or entity to which the funds were appropriated and the fiscal year in which such funds were appropriated. If any non-public funds were used, identify the entity from which the funds were sourced. If different funding sources were used for different advertisements, specify the funding source for each advertisement.

RESPONSE: The Government objects to this Request as overbroad in seeking information beyond any public funds. In addition, Plaintiffs' definitions of "used" and "create" improperly sweep within their overbreadth issues that are not relevant to this litigation. The Government further objects to this Request because it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to these objections, the Government responds that no public money appropriated to DHS was used to create the Challenged Advertisements and states that EOP staff compiled certain of the Challenged Advertisements.

**Interrogatory No. 2:** Provide the name and title of every federal government employee involved in creating the Challenged Advertisements and describe their roles in the creation.

RESPONSE: The Government objects to this Request as premature and outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. As such, no response will be provided.

**Interrogatory No. 3:** Identify all sources of funding used to disseminate the Challenged Advertisements. If public funds were used, identify the specific appropriation that provided the funding, including the agency or entity to which the funds were appropriated and the fiscal year in which such funds were appropriated. If any non-public funds were used, identify the entity from which the funds were sourced. If different funding sources were used for different advertisements, specify the funding source for each advertisement.

RESPONSE: The Government objects to this Request as overbroad in seeking information beyond any public funds. The Government further objects to the Request because it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to these objections, the Government refers the Plaintiffs to the Declaration of Holly C. Mehringer, dated October 10, 2026 (ECF No. 38), the Declaration of William C. Woolf, dated October 10, 2025 (ECF No. 39), and the Declaration of Holly C. Mehringer, dated October 15, 2026 (ECF No. 59-1), which identify the specific appropriation that provided the funding, including the agency or entity to which the funds were appropriated and the fiscal year in which such funds were appropriated.

**Interrogatory No. 4**: Provide the name and title of every federal government employee involved in disseminating the Challenged Advertisements and describe their roles in the dissemination.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government further objects to this Request because it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. As such, no response will be provided.

**Interrogatory No. 5**: Identify each person who requested or directed that federal funds be used, sought, or found to create or disseminate the Challenged Advertisements, and describe verbatim the communication in which that direction or request was communicated, the date of the communication, and the recipient of the communication.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. In addition, Plaintiffs' definitions of "used" and "create" improperly sweep within their overbreadth issues that are not relevant to this litigation. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. As such, no response will be provided.

**Interrogatory No. 6**: Describe the contents of any discussion, on or about August 7, 2026, between or among President Trump, Susie Wiles, any other White House staff, and any other political consultant, strategist, or advisor during the meeting referenced in the following article: Maggie Haberman et al., *Trump Directed Use of Taxpayer Money for Ads Praising His Presidency*, N.Y. Times (Oct. 2, 2026), https://perma.cc/8J9D-MLN2. To the extent you disagree with the article's characterization of the meeting, identify the statements you believe to be inaccurate and how and why you believe those statements to be inaccurate.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not

proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Government also objects to this Request to the extent that it calls for the disclosure of information that may be subject to privilege. As such, no response will be provided.

**Interrogatory No. 7**: Describe verbatim the terms of all agreements between any of the Defendants and any advertising agency, including Lepugh, Inc. (doing business as LMD Agency, Inc.), related to the Challenged Advertisements, including the purchase order and blanket purchase agreement described in paragraph 3 of the Declaration of Holly Mehringer.

RESPONSE: The Government objects to this Request as not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Government further objects on the ground that this is a document request in the guise of an interrogatory. Subject to these objections, the Government refers the Plaintiffs to the Declaration of Holly C. Mehringer, dated October 10, 2026 (ECF No. 38), which describes the relevant terms of the purchase order.

**Interrogatory No. 8**: Describe verbatim the contents of any directions from any of Defendants to LMD Agency concerning any of Challenged Advertisements, including any communication regarding daily or weekly spending concerning the Challenged Advertisements and any direction "not to make any additional media buys past October 11" referenced in paragraph 8 of the Declaration of Holly Mehringer, and when the direction was communicated.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not

proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Government also objects on the ground that this is a document request in the guise of an interrogatory. Subject to these objections, the Government refers the Plaintiffs to the Declaration of Holly C. Mehringer, dated October 15, 2026 (ECF No. 59-1), which describes relevant communications between the Government and the Vendor.

**Interrogatory No. 9**: Identify the quantities of public funds: (a) appropriated, (b) obligated, and (c) spent, respectively, to produce or disseminate the Challenged Advertisements. Include in the response any staff time spent on producing or disseminating the Challenged Advertisements.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to these subjections, the Government refers the Plaintiffs to the Declaration of Holly C. Mehringer, dated October 10, 2026 (ECF No. 38), the Declaration of William C. Woolf, dated October 10, 2025 (ECF No. 39), and the Declaration of Holly C. Mehringer, dated October 15, 2026 (ECF No. 59-1), which identify the specific appropriation that provided the funding for airing the Challenged Advertisements, including the agency or entity to which the funds were appropriated and the amount, and the fiscal year in which such funds were appropriated. The Government further responds that the total amount paid to date for purchasing media airtime under the purchase order referenced in Paragraph 8 of the Declaration of Holly C. Mehringer, dated October 10, 2026 (ECF No. 38), is approximately $8,634,548.08. The approximate total amount of DHS appropriated funds used to purchase airtime and expected to be

invoiced and paid under the Purchase Order is detailed in Paragraph 8 of the Declaration of Holly C. Mehringer, dated October 10, 2026 (ECF No. 38).

**Interrogatory No. 10:** Identify each video, advertisement, clip, or audiovisual communication that contains, in whole or in part, the Challenged Advertisements and that was disseminated or remained publicly available after October 11, 2026, including on YouTube, social-media platforms, websites, streaming platforms, or other public-facing media.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. Plaintiffs' Complaint did not contain allegations relating to advertisements that were disseminated on YouTube, social-media platforms, websites, or streaming platforms. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This interrogatory purports to require Defendants to identify Challenged Advertisements appearing, *inter alia*, anywhere on the Internet. As such, no response will be provided.

**Interrogatory No. 11:** For each item identified in response to Interrogatory No. 10, state:

(a) the source of funding used for its creation;

(b) the source of funding used for its dissemination;

(c) the platform on which it appeared;

(d) the dates during which it was publicly available; and

(e) whether it remains publicly available.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. Plaintiffs' Complaint did not contain allegations relating to advertisements that were disseminated on YouTube, social-media platforms, websites, or streaming platforms. The Government further objects to this

Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This interrogatory purports to require Defendants to provide information concerning Challenged Advertisements appearing, *inter alia*, anywhere on the Internet. As such, no response will be provided.

**Interrogatory No. 12:** Identify all communications between any Defendant, including any staff or other official thereof, and MAGA Inc., including any representatives or employee thereof, concerning the Challenged Advertisements or any other advertising campaign.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government also objects to this Interrogatory because the reference to "any other advertising campaign" is vague, ambiguous, and overbroad. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. As such, no response will be provided.

**Interrogatory No. 13:** Identify all creative materials, drafts, footage, scripts, audience research, polling, targeting analyses, media plans, and other work product exchanged between any Defendant and any non-governmental person or entity, including any representatives or employee thereof, concerning the Challenged Advertisements or any successor advertising campaign.

RESPONSE: The Government objects to this Request as outside the scope of proper discovery, including for Plaintiffs' motion for a preliminary injunction. The Government also objects to this Interrogatory because the reference to "any successor advertising campaign" is

vague, ambiguous, and overbroad. The Government further objects to this Request as it seeks information not relevant to the subject matter of this action, not proportional to the needs of the case considering, among other things, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Government additionally objects on the ground that this is a document request in the guise of an interrogatory. As such, no response will be provided.

Dated: October 21, 2026
New York, New York

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: */s/ Jeffrey Oesterícher*
JEFFREY S. OESTERICHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695
Email: jeffrey.oestericher@usdoj.gov