**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 26, 2026

**BY ECF**
The Honorable Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Common Cause et al. v. Department of Homeland Security et al.*, 26 Civ. 8882 (JLR)

Dear Judge Rochon:

This Office represents the Defendants in the above-referenced matter. I write respectfully in opposition to Plaintiffs' letter motion to compel discovery, filed on October 21, 2026 (ECF No. 75, "Pls. Ltr."). For the reasons set forth below, Plaintiffs' motion should be denied.

As a threshold matter, Plaintiffs' claims in their Complaint relating to the challenged advertisements that aired pursuant to a contract between the Department of Homeland Security and its vendor are now moot (or, at a minimum, there is no threat of irreparable harm) and should not be the subject of expedited discovery. As the Court is aware, Plaintiffs allege that DHS improperly used taxpayer monies to fund a contract to air these ads in an effort to influence the midterm elections. *See* ECF No. 1 (Complaint) ¶¶ 1-6, 97-125. However, this Court has already enjoined DHS' contract with its vendor and enjoined Defendants from entering into a new vendor contract to, among other things, disseminate or air the challenged advertisements. ECF No. 41 (Order) at 2-3. Furthermore, the Court's temporary restraining order has been extended to November 20, 2026 (*see* ECF No. 58), after the midterm elections. And DHS has submitted a sworn declaration averring that "the Department has no plans to make any additional media buys under the [Purchase] Order or to renew the [Purchase] Order or otherwise use DHS appropriated funds on any similar contracts for the creation or distribution of the media that is the subject of this lawsuit." ECF No. 38 (Declaration of Holly C. Mehringer) ¶ 10. Accordingly, there is no basis for discovery on the claims related to the DHS contract in connection with Plaintiffs' anticipated motion for a preliminary injunction.

Plaintiffs focus their motion to compel on interrogatories seeking information relating to challenged advertisements that they represent "remain on the White House YouTube page" and two challenged advertisements that they assert "began airing on television earlier this week, listing MAGA, Inc. as the funder." Pls. Ltr. at 2. Plaintiffs insist that Defendants should be required to respond to these requests; however, Plaintiffs fail to acknowledge that their Complaint is devoid of a single allegation on the subject of these interrogatories. Specifically, the Complaint makes no allegations concerning the White House YouTube page nor advertisements paid for by MAGA, Inc. And MAGA, Inc. is not a party to this litigation.

The law is clear that "the focus in analyzing the likelihood of success on the merits element of the preliminary injunction standard is on the claims and factual allegations in the complaint, not subsequent claims and allegations, made, for the first time, in the motion for a preliminary injunction." *Zeptolab UK Ltd. v. Commonwealth Toy & Novelty Co.*, No. 12 Civ. 2044 (TPG) (KNF), 2012 WL 4761501, at *7 (S.D.N.Y. Aug. 23, 2012) (citing *Pope v. County of Albany*, 687 F.3d 565, 570 (2d Cir. 2012)); *see also Moody v. Mount Sinai Hospital*, 25 Civ. 8859 (JHR), 2026 WL 205637, at *2 (S.D.N.Y. Jan. 27, 2026) (same). A preliminary injunction thus "cannot be obtained based on claims and factual allegations not contained in the complaint." *Zeptolab*, 2012 WL 4761501, at *7; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Colvin v. Caruso*, 605 F.2d 282, 300 (6th Cir. 2010) (the plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"). Likewise, a party should not be allowed discovery in aid of a preliminary injunction motion based on claims not asserted in the complaint. *See Moody*, 2026 WL 205637, at *2 (denying motion that was "in essence a motion to compel discovery" in aid of an application for a preliminary injunction "based on facts not contained in the Complaint").

Here, Plaintiffs do not have a basis to obtain the expedited discovery they are seeking. The interrogatories at issue seek to obtain (a) information from the Executive Office of the President ("EOP"), against which there are no specific factual allegations in the Complaint, and (b) information relating to events that are not alleged in the Complaint – *i.e.*, the posting of challenged advertisements on the White House YouTube page and the airing on television of advertisements paid for by MAGA, Inc. At a minimum, Plaintiffs should be required to amend their Complaint to specify the conduct that has caused the claimed injury before any discovery can be sought. *See, e.g.*, *Zeptolab*, 2012 WL 4761501, at *7 ("While ZeptoLab is free to make an application for leave to amend the complaint by making additional claims and factual allegations, a preliminary injunction cannot be obtained based on claims and factual allegations not contained in the complaint").[1]

Furthermore, Plaintiffs' arguments relating to the specific interrogatories are unpersuasive. For instance, Interrogatory No. 1 asks Defendants to identify all sources of funding used to create the Challenged Advertisements. Defendants asserted objections but answered this question in full regarding sources of public funds, informing Plaintiffs that no public money appropriated to DHS was used to create the Challenged Advertisements. Defendants further stated, based on Plaintiffs' overbroad definition of "used" which includes the allocation of "staff time, that EOP staff compiled certain of the Challenged Advertisements. Plaintiffs argue that Defendants were required to identify advertisement-by-advertisement if different sources of funding were used for different advertisements, but again, Defendants did not use any public money in creating these ads in the common usage of the word "used," and

[1] The fact that Plaintiffs asserted *ultra vires* and Equal Protection claims in the Complaint against all Defendants (including EOP) based on the advertisements that were aired under the DHS contract, *see* Complaint ¶¶ 175-188, is not a sufficient basis to obtain the requested discovery which is based on facts (ads posted to a YouTube page and ads paid for by MAGA, Inc.) not alleged in the Complaint.

only "used" one source of public funding under Plaintiffs' definition (EOP staff time) which is specified in Defendants' response. No further response should be required.

Similarly, Interrogatory No. 9 requests that Defendants "Identify the quantities of public funds: (a) appropriated, (b) obligated, and (c) spent, respectively, to produce or disseminate the Challenged Advertisements. Include in the response any staff time spent on producing or disseminating the Challenged Advertisements." Defendants again answered this question in full by referring Plaintiffs to three declarations filed in this case that address these questions and by specifying that the total amount paid to date for purchasing media airtime under DHS' purchase order with the vendor is approximately $8,634,548.08. Plaintiffs, however, request that Defendants identify with "numerical specifics" the amount of EOP staff time spent on the challenged ads. This request should be denied because the precise amount of staff time spent compiling the ads is not relevant to the issues to be decided by the Court. Moreover, this request for numerical specificity is not even encompassed by Interrogatory No. 9, which only asks Defendants to identify "the quantities of public funds: (a) appropriated, (b) obligated, and (c) spent." Staff time cannot be numerically quantified in those categories. Furthermore, the burden of trying to recreate how much staff time was involved in compiling the ads is not proportional to the needs of the case.

Plaintiffs essentially concede that Defendants' overbreadth, burden, and other objections to Interrogatories No. 10 and 11 – asking Defendants to identify and provide five specific data points for each ad, clip, or audiovisual communication derived from the challenged advertisements appearing anywhere on the Internet or otherwise publicly available – are proper. Plaintiffs now attempt to pivot and request that Defendants respond instead to different interrogatories to "reach only content that Defendants control, have disseminated, or have provided to third parties." Pls. Ltr. at 2. This attempt to remedy improper discovery requests should not be allowed at this juncture. In any event, even as revised, the interrogatories are overly broad, not sufficiently tailored to the anticipated motion for a preliminary injunction, and impose an undue burden on Defendants. For example, the challenged advertisements were "disseminated" on television pursuant to DHS' contract with the vendor. Even as purportedly narrowed, the interrogatories would require Defendants to scan the entire Internet and every other publicly available source to identify whether any ad, clip, or audiovisual communication derived from the challenged advertisements is being displayed or can be accessed.

Finally, Interrogatory No. 12, which seeks information about communications between Defendants and MAGA, Inc. concerning the challenged advertisements "or any other advertising campaign" is not proper. Again, there are no allegations relating to MAGA, Inc. in the Complaint. Furthermore, the communications (to the extent there were any) are not relevant to the anticipated motion for a preliminary injunction.

For the foregoing reasons, Plaintiffs' motion to compel should be denied.

Respectfully submitted,

JAMIE M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ *Jeffrey Oestericher*
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2695
E-mail: jeffrey.oestericher@usdoj.gov